## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID M. LESTER,**
**Claimant Below, Petitioner**

**vs.)  No.  15-1049**  (BOR Appeal No. 2050435)
                        (Claim No. 2015004234)

**LOGAN-MINGO AREA MENTAL HEALTH, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner David M. Lester, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Logan -Mingo Area Mental Health, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated, September 30, 2015, in which the Board affirmed the April 22, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 8, 2014, rejection of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lester works as a custodian and part-time bus driver. He alleges he injured both shoulders and his back on July 11, 2014, when he was moving file cabinets at work. Mr. Lester did not report an injury on July 11, 2014. He sought treatment from Martin Codispoti, F.N.P., on July 15, 2014, after experiencing increasing pain in his shoulders and back over the weekend. Mr. Lester completed his section of the employees' and physicians' report of injury on July 21, 2014. He stated he was injured on July 11, 2014, when he was moving filing cabinets and metal racks.

The medical records of Mr. Codispoti show Mr. Lester was seen on July 15, 2014, for follow-up and prescription refills. Mr. Lester reported aching and burning in his right hand for

1

the last three weeks. Mr. Codispoti diagnosed olecranon bursitis and referred him to Anbu Nadar, M.D. Mr. Codispoti completed the physician section of the employees' and physicians' report of injury on July 15, 2014. He listed the diagnosis of olecranon bursitis of the right elbow from overuse and stated the condition was the result of an occupational injury.

Dr. Nadar evaluated Mr. Lester on July 16, 2014. Mr. Lester reported pain in both shoulders and his upper back. He could not recall a specific injury but advised that the previous week he did a lot of lifting and moving cabinets at work. Dr. Nadar diagnosed dorsal and bilateral shoulder strain. He requested an MRI, physical therapy, and for Mr. Lester to return to the office in two weeks.

The claims administrator denied compensability of the claim on August 8, 2014, because there was no isolated fortuitous event. The Office of Judges affirmed the claims administrator's denial of compensability on April 22, 2015. It determined that a preponderance of the evidence did not support holding the claim compensable because there were too many inconsistencies in the record to support Mr. Lester's version of the injury. It relied on the medical records of Mr. Codispoti and Dr. Nadar which showed a diagnosis of right elbow bursitis by Mr. Codispoti on July 15, 2014, but a diagnosis of dorsal strain and bilateral shoulder strain by Dr. Nadar one day later. The Office of Judges also found Mr. Lester's deposition testimony that he was sometimes unable to drive after the injury due to pain, inconsistent with Dr. Nadar's diagnosis of dorsal strain. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Order on September 30, 2015.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The medical records of Mr. Codispoti do not support Mr. Lester's assertion that the pain from his alleged July 11, 2014, injury worsened over the weekend. He did not tell Mr. Codispoti about this pain from the alleged work injury or that he thought he was injured the previous Friday. Instead, he told Mr. Codispoti he had been experiencing pain in his right arm for a few weeks. Mr. Lester reported a different version of events to Dr. Nadar on July 16, 2014. Mr. Lester was not consistent in stating his symptoms or how his alleged injury occurred; therefore, compensability was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II